IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CR-39-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | ORDER ON PRELIMINARY |
| ) | EXAMINATION AND DETENTION |
| ) | 18 U.S.C. § 3141 *et seq.* |
| BILLY DELOEN GOFF, ) | Fed. R. Crim. P. 32.1(a)(6) |
| ) | |
| Defendant. ) | |

This matter came before the court today for a preliminary examination on the government's motion for revocation of Defendant's supervised release [DE-45] and for a hearing on the government's motion to detain Defendant pursuant to 18 U.S.C. § 3141 *et seq.* The government presented the testimony of United States Probation Officer Kristen Super. Defendant was represented by counsel and presented the testimony of Peggy Evans, Defendant's sister as a proposed third-party custodian. The court also considered the testimony of Defendant's brother-in-law.

I.

Following his conviction of wire fraud in violation of 18 U.S.C. § 1343, Defendant commenced a 60-month term of probation on or about October 4, 2012. [DE-25, -28-1]. On April 29, 2014, upon motion of the government and following a hearing, the court revoked Defendants' probation having found that Defendant violated the terms of his probation by (1) failing to refrain from excessive use of alcohol and (2) failing to participate in a drug/alcohol dependency treatment program. [DE-42]. The court ordered Defendant committed to the Bureau of Prisons for a period of 9 months and that upon release Defendant be placed on supervised release for a period of 36 months. *Id.* Defendant commenced his term of supervised release on or about January 16, 2015.

[DE-45]. The government alleges in its instant motion that Defendant has violated the terms of his supervision by (1) criminal conduct; to wit an arrest for Driving While Impaired on or about January 18, 2015, currently pending in state court, (2) failing to notify his probation officer within 72 hours of being arrested or questioned by law enforcement and (3) failing to report to his probation officer as directed. *Id.*

## II.

At the commencement of the consolidated hearings, Defendant advised the court his intention to waive the preliminary examination in this matter. Accordingly, Defendant and his counsel executed the requisite paperwork memorializing Defendant's desire to waive the preliminary examination and, after having conducted further inquiry of Defendant and his counsel in open court, this court accepted Defendant's knowing and voluntary waiver of the preliminary examination. Based on Defendant's waiver the court finds probable cause to support the government's motion for revocation of Defendant's supervised release.

## III.

In addition, having considered the record pursuant to 18 U.S.C. § 3142(g) and based on the findings and reasons stated below and in open court, the court finds Defendant has failed to establish by clear and convincing evidence that he will not pose a danger to any other person or to the community as required. *See* Fed. R. Crim. P. 32.1(a)(6). The government's motion for detention is therefore allowed.

The law requires that Defendant be detained pending further proceedings based on the following principal findings and reasons: (1) the nature of the offense and the strength of the government's case; (2) evidence showing Defendant's previous violations of supervision

2

demonstrating him to be a danger to himself and to others in the community, as well as his inability or unwillingness to heed the admonitions of the court, (3) the repetitive nature of Defendant's violations necessitating court action, (4) and other findings and reasons stated in open court. Considerations cited by Defendant's counsel and considered by the court as mitigating, including the testimony of Defendant's sister and brother-in-law, do not outweigh the factors in favor of detention. *See* Fed. R. Crim. P. 32.1(a)(6).

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 29th day of January 2015.

Robert B. Jones, Jr.,
United States Magistrate Judge